IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-72,660-01 AND WR-72,660-02






EX PARTE TAICHIN PREYOR








ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE


NO. 2004-CR-3602 IN THE 290TH DISTRICT COURT


BEXAR COUNTY






 Per Curiam. 



O R D E R



 These are post conviction applications for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure article 11.071.

 In March 2005, a jury convicted applicant of the offense of capital murder committed
in February 2004. The jury answered the special issues submitted pursuant to Texas Code
of Criminal Procedure article 37.0711, and the trial court, accordingly, set punishment at
death. This Court affirmed applicant's conviction and sentence on direct appeal. Preyor v.
State, No. AP-75,119 (Tex. Crim. App. Jan. 23, 2008)(not designated for publication). On
November 30, 2007, applicant, through appointed counsel, timely filed in the trial court his
initial application for writ of habeas corpus pursuant to Article 11.071. On December 1,
2008, applicant, through retained counsel, filed another application for writ of habeas corpus. 
Both of Applicant's writs were received in this Court on September 9, 2009. In his
initial writ, applicant presents 11 allegations challenging the validity of his conviction and
resulting sentence. The trial court held a live evidentiary hearing in which no evidence was
presented. The trial court entered findings of fact and conclusions of law recommending that
the relief sought be denied. 

 This Court has reviewed the record with respect to the allegations made by applicant. 
We adopt the trial judge's findings and conclusions with the exception of finding no. 1 on
page 15, which we explicitly reject. Based upon the trial court's findings and conclusions
and our own review, we deny relief. 

 Applicant's December 1, 2008 filing is a subsequent application that must be reviewed
under Article 11.071, Section 5(a). We have reviewed the five claims which allege
ineffective assistance of appellate counsel. Applicant's claims fail to meet the dictates of
Article 11.071, §5. Accordingly, we dismiss his subsequent application. 

 IT IS SO ORDERED THIS THE 28th DAY OF OCTOBER, 2009.

Do Not Publish